**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **CRISTOPHER CRUZ-RODRIGUEZ, et al.,**<br><br>    Plaintiffs,<br><br>        v.<br><br>**CARLOS MOLINA-RODRIGUEZ, et al.,**<br><br>    Defendants. | CIVIL NO. 12-1189 (PG) |

**ORDER**

Before the court is defendants Maria Lugardo-Cintron ("Lugardo"), David Aguila-Rodriguez ("Aguila"), and Hector Acosta-Zambrana's ("Acosta") (collectively, "defendants") motion for summary judgment, and plaintiffs Christopher Cruz-Rodriguez ("Cruz"), Maria de Lourdes Rodriguez-Ruiz ("Rodriguez") and Natalia Cruz-Rodriguez's ("N. Cruz")(collectively, "plaintiffs") opposition thereto. See Docket Nos. 53 and 61. For the reasons specified below, defendants' motion for summary judgment is DENIED.

**I. BACKGROUND**

On March 16, 2012, plaintiffs filed a civil action pursuant to 42 U.S.C. § 1983. See Docket No. 1. They allege that Acosta, a custodial officer in Puerto Rico's Department of Corrections and Rehabilitation, assaulted Cruz-Rodriguez on March 16, 2011 while he was serving a prison sentence. Plaintiffs also claim that Cruz-Rodriguez was denied medical attention after the alleged incident. On August 7, 2015, defendants filed a motion for summary judgment. See Docket No. 53.

**II. SUMMARY JUDGMENT STANDARD**

Through summary judgment, courts "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). The Supreme Court encourages employing summary judgment in federal courts- it "[avoids] full blown trials in unwinnable cases, … [conserves] parties' time and money, and [permits] the court to husband scarce judicial resources." McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 314 (1st Cir. 1995). See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

A court may grant summary judgment only when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

56(a). See also Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir. 2000). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." Reeves v. Anderson Plumbing Productions Inc., 530 U.S. 133, 135 (2000). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are functions of a jury, not of a judge. See id.

In short, when there is a genuine dispute as to any material fact, and when a court would be required to make credibility determinations, weigh the evidence, or draw legitimate inferences from the facts in order to adjudicate a controversy, summary judgment will not be granted. While no legitimate inferences can be drawn, the court will construe all reasonable inferences in favor of the nonmoving party. See Stoutt v. Banco Popular de Puerto Rico, 158 F. Supp. 2d 167, 171 (D.P.R. 2001). Still, the nonmoving party is required to demonstrate "through submissions of evidentiary quality that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 108 (1st Cir. 2006).

### III. DISCUSSION

#### A. Issues of Material Fact

Cruz-Rodriguez was scheduled to go to court on March 16, 2011. See Docket No. 51-3, Defendant's Statement of Uncontested Material Facts ("SUMF") at ¶ 38. At the time, Cruz-Rodriguez was serving a prison sentence at the Institution Adults Ponce 1000 in Ponce, Puerto Rico ("Las Cucharas"). Id. at ¶¶ 6-7. He was waiting his turn at the administration's admission area, from where inmates are dispatched to appear in court. Id. at ¶ 40. Defendants concede that the incident took place in a separate room, but proffer no explanation as to how they reached that room. Plaintiffs claim that Acosta approached Cruz-Rodriguez in the admissions area, informed him that he was going to search him, and took him to room "C," where they were alone. Id. at ¶¶ 47, 53. Plaintiffs also assert that the door remained open. Id. at ¶ 53. At this point in the narration, plaintiffs' and defendants' versions of the facts diverge drastically.

According to defendants, after searching the inmate, Acosta told Cruz-Rodriguez to put his clothes back on. Id. at ¶ 101. Cruz-Rodriguez then turned, lost his balance, and fell, hitting his face against a cabinet. Id. Cruz-

Rodriguez was bleeding through the nose. Id. at ¶ 102. Correctional officials immediately took him to the Emergency Room to receive medical attention. Id. at ¶ 102-104. Medical records reveal that Cruz-Rodriguez suffered a nose fracture consistent with a fall, and makes no reference to any injuries elsewhere on his body, such as the chest or torso. Id. at ¶ 106.

Plaintiffs, on the other hand, assert that once inside the room Acosta told Cruz-Rodriguez "[v]amos a ver si el gas pela"[1] and then punched him. See Docket No. 62, Plaintiff's Statement in Opposition to Defendants' SUMF ("OSUMF") at ¶¶ 101(a), 101(b)[2]. Cruz-Rodriguez fell back and tried to cover himself, but Acosta continued to punch him "like a punching bag," striking him over ten times in the nose, face, ribs and head. Id. at ¶¶ 101(c), 101(e), 101(f), 101(g). Cruz-Rodriguez claims to have no idea why Acosta beat him. Id. at ¶ 101(d). After the beating, Cruz-Rodriguez was taken to a housing unit and despite his pleas, did not receive medical attention until a later date ("the next day or maybe two days later"). Id. at ¶¶ 102 (e), 102(f). Co-plaintiff Rodriguez (Cruz-Rodriguez's mother) claims that, the day after the incident, Cruz-Rodriguez was still wearing the same bloodied overalls. Id. at ¶¶ 102(i), 102(j). Medical records show that Cruz-Rodriguez had a fractured nose as well as contusions to his back. Id. at ¶¶ 102(n), 102(o). Per Lt. Wilson Rivera of the DOC, the injuries sustained to Cruz-Rodriguez's face and back are not consistent with the version of events proffered by defendants. Id. at ¶¶ 101(i), 110.

The two versions of events, as submitted to the court by each party, are in stark contrast with each other. Granting summary judgment when, as now, material facts at the very core of a legal dispute are so hotly contested, would run afoul of the courts discretion in employing the dispositive tool. Indeed, courts may grant summary judgment only when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). See also Sands, 212 F.3d at 660. There is no doubt that the factual

---

[1] Literally, this phrase translates to "let's see if the gas peels." However, it is a Puerto Rican idiom similar to "let's see what happens when push comes to shove," which can be used as a taunt.

[2] Plaintiffs are required to respond to the movants' SUMF with reference to **each** of their numbered paragraphs. See Local Rule 56(c) (L. Cv. R. 56(c)). The plaintiffs' opposing statement does not comply with summary judgment rules.

dispute at hand is "genuine"- it could be resolved in favor of either party. See Calero-Cerezo, 355 F.3d at 19.

Elements of both versions of events are purportedly backed by evidentiary support in the record. For the court to tilt the scales in favor of either party, it would have to weigh the evidence and make determinations of credibility. This the court cannot do- such functions reside in the sole province of the jury. See Reeves, 530 U.S. at 135. Furthermore, there is no doubt that the disputed facts are "material"- they potentially affect the outcome of the case. See Calero-Cerezo, 355 F.3d at 19. In fact, the resolution of the case before the court hinges on which versions of the disputed facts prevail. Thus, after reviewing the record, the court finds that there are genuine disputes as to material facts that make granting summary judgment inappropriate.[3] To boot, the nonmoving party (plaintiffs), has met the burden of demonstrating "through submissions of evidentiary quality that a trialworthy issue persists." Iverson, 452 F.3d at 108. As such, summary judgment will not be granted.

**B. Timeliness**

Next, the court turns to the issue of timeliness defendants raise in their motion for summary judgment. Defendants claim that plaintiffs' civil action is time barred, per the one-year statute of limitations afforded to tort claims under the applicable Puerto Rico statute. However, their contention is plainly misguided.

Although § 1983 provides a federal cause of action, state tort law determines the statute of limitations period that is to be applied. See Wallace v. Kato, 549 U.S. 384, 387 (2007). As such, the court borrows Article 1868 of the Puerto Rico Civil Code (statute of limitations period of one year) to determine whether plaintiffs' action is time barred. See Centro Medico del Turabo v. Feliciano del Melecio, 406 F.3d 1, 6 (1st Cir. 2005); see also 31 P.R. Laws Ann. § 5298(2). Thus, pursuant to Puerto Rico law, the period for filing a § 1983 claim is 365 days, or 366 days when the February of a leap year falls within that period. See Yeinsip v. Lufthansa German Airlines, 725 F. Supp. 113, 115 (D.P.R. 1989).

Unlike the limitations period, the accrual date of a § 1983 claim is a matter of federal law. Wallace, 549 U.S. at 388. It "ordinarily starts when

---

[3] The court notes that the material facts in dispute summarized above are by no means exhaustive. Genuine disputes as to other material facts abound in the record.

the plaintiff knows, or has reason to know, of the injury on which the action is based." Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997). Here, there is no doubt that the accrual date of plaintiffs' claim is March 16, 2011, the date when the incident at "Las Cucharas" took place. However, "the day in which a tort cause of action arises, or the accrual date, counts in the sense that it provides the starting point for the computation of the prescriptive term; it is not, however, counted within that term." Salamanca v. Am. Airlines, Inc., 920 F. Supp. 24, 26 (D.P.R. 1996). Thus, the prescriptive period in the instant case must be computed from March 17, 2011.

Because 2012 was a leap year, and February falls within our computation, plaintiffs had 366 days starting on March 17, 2011 to file their § 1983 claim. The 366th day was March 17, 2012. Plaintiffs filed their suit on March 16, 2012. As such, plaintiffs' claims were timely brought.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is **DENIED**. Genuine disputes of material facts foreclose the use of the dispositive tool, and the court finds plaintiffs brought their civil action in a timely manner.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 28, 2017.

                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        **JUAN M. PEREZ-GIMENEZ**
                                        **SENIOR U.S. DISTRICT JUDGE**